ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, ex rel., C. LYNNETTE THOMAS | ) | CASE NO. 5:08CV2939 |
| | ) | |
| Relator/Plaintiff, | ) | |
| | ) | Judge John R. Adams |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| SUMMIT COUNTY CHILDREN SERVICES BOARD, et al., | ) | **ORDER** |
| | ) | |
| | ) | (Resolves Docs. 2, 4) |
| Defendants. | | |

This matter appears before the Court upon the Government's notice that it has declined to intervene (Doc. 5) and the Government's motion to dismiss the complaint (Doc. 4). The Court has been advised, having reviewed the pleadings, motion, response, and applicable law. For the reasons stated herein, the motion is GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE.

**I.  Background**

Relator, C. Lynnette Thomas, filed this *qui tam* action *pro se* on behalf of the Government. Thomas filed her 44-page complaint on December 17, 2008, naming 38 different defendants. The complaint details a widespread conspiracy among numerous children's services agencies, childcare providers, and other various persons and entities. Thomas' claims appear to arise from allegations that she was falsely accused of abusing and neglecting her children.[1] On January 20,

---

[1] The factual background of the complaint is somewhat difficult to understand despite the lengthy nature of the complaint.

2009, the Government responded to the complaint by declining to intervene. On that same day, the Government moved to dismiss the complaint. The Court addresses those issues herein.

## II. Legal Standard & Analysis

### A. Decision on Intervention

31 U.S.C. § 3730(b)(1) permits a private person to bring a qui tam action under the False Claims Act "for the person and for the United States Government." The action must be brought in the name of the Government. *Id.* 31 U.S.C. § 3730(b)(4) in turn provides:

> Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall—
>
> (A) proceed with the action, in which case the action shall be conducted by the Government; or
>
> (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

In this matter, the Government timely declined to intervene. In her opposition to the motion to dismiss, Thomas appears to argue that this decision was improper.

Upon researching the issue, the Court has found no law to suggest that Thomas may challenge the Government's decision not to intervene. Furthermore, the statute at issue provides, in general, for actions to proceed following the Government's decision not to intervene. 31 U.S.C. § 3730(b)(4)(B). The Court, therefore, finds no merit in Thomas' suggestion that the Government be effectively ordered to reconsider its decision not to intervene.

Accordingly, based upon the Government's decision not to intervene, the Court orders that:

    a.  The Complaint be unsealed;

    b.  The seal be lifted as to all other matters occurring in this action after the date of this Order,

including this Order;

c. The parties shall serve all pleadings and motions filed in this action, including supporting memoranda, upon the Government, as provided for in 31 U.S.C. § 3730(c)(3). The Government may order any deposition transcripts and is entitled to intervene in this action, for good cause, at any time;

d. The parties shall serve all notices of appeal upon the Government; and

e. All orders of this Court shall be sent to the Government.

B. <u>Motion to Dismiss</u>

Along with its notice regarding its decision on intervention, the Government moved to dismiss this action. Thomas has responded in opposition to the motion.

As detailed above, once the Government has declined to intervene, the relator is generally entitled to proceed forward and pursue the claim on his/her own behalf. However, this does not alter the fact that the Complaint is pursued on behalf of both the relator *and* the Government. *Stoner v. Santa Clara Cty. Office of Edn.*, 502 F.3d 1116, 1126 (9th Cir. 2007). Based upon this fact, the Government argues that this matter may not go forward because a *pro se* relator may not pursue a claim on behalf of the Government.

Initially, the Court notes that the Government's decision not to intervene does not affect its ability to move to dismiss this matter. *See Ridenour v. Kaiser-Hill Co., LLC*, 397 F.3d 925, 932 (10th Cir. 2005). Accordingly, the Court addresses the merits of the Government's motion.

The Sixth Circuit has not addressed the issue raised by the Government. However, every circuit that has addressed the issue has reached the same conclusion: a *qui tam* action may not be maintained *pro se*. *See Stoner*, 502 F.3d at 1126; *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004); *Safir v. Blackwell*, 579 F.2d 742, 745 n.4 (2d Cir. 1978); *United States v.*

*Onan*, 190 F.2d 1, 6 (8th Cir. 1951); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). The Court finds the rationale utilized by these Courts to be persuasive and adopts it herein. The interests of the Government cannot be adequately represented by a *pro se* Relator, "particularly where the United States would be bound by the judgment in future proceedings." *Timson*, 518 F.3d at 874.

Based upon the above, the Court concludes that Thomas may not pursue this action *pro se*. The Court, therefore, lacks subject matter jurisdiction to entertain the claims at issue as there is not a party capable of prosecuting the complaint. The complaint is dismissed without prejudice.

### III. Conclusion

Based upon the above, C. Lynnette Thomas' request to proceed in forma pauperis (Doc. 2) is GRANTED and this action is DISMISSED WITHOUT PREJUDICE pursuant to the Government's motion to dismiss (Doc. 4). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

March 20, 2009 /s/John R. Adams
Date Judge John R. Adams
United States District Court